FLORENCE DESMOND *v.* CHARLES A. RICE and JAMES E. BARKER.

In an action upon negotiable paper, which has been lost, the giving of a bond under the statute (2 R. S. 406, § 76), with sufficient sureties, conditioned to indemnify the defendant against all claims by any other persons on account thereof, is an essential pre-requisite to any recovery thereon.

APPEAL by defendants from a judgment of the Fourth District Court. The action was upon two orders for $10 each, negotiable, given, the one to Cornelius Desmond and the other to Robert Williams, and both assigned to the plaintiff. The drafts were lost by the plaintiff, and were not produced on the trial, nor was any bond of indemnity against them tendered. It did not appear that the defendants made any objection to the recovery upon that specific ground, or demanded a bond. Judgment was rendered for the plaintiff, from which the defendants appealed.

*Beebe, Dean and Donohue*, for the appellants.

*G. N. Reynolds*, for the respondent.

HILTON, J.—As a general rule, this court will, upon appeals from inferior courts, disregard all objections not taken at the trial, nor distinctly specified in the notice of appeal; but we do not consider this case one to which this rule should be applied. Here the drafts, or orders sued on, were negotiable; and, it appearing at the trial that they were lost, parol evidence was given of their contents. Under such circumstances, the loss being distinctly proved, to *entitle* the plaintiff to recover, he was required to execute a bond to the defendants, in a penalty at least double the amount of the drafts or orders, with two sureties, to be approved by the court in which the trial was had, conditioned to indemnify, &c., against all claims by any other person on account of such drafts, and against all costs and expenses by reason of such claim. 2 R. S. 406, § 76.

The giving of this bond was a *pre-requisite* to any recovery against the defendants upon the drafts, and the return not showing affirmatively that any such bond was given, the judgment must therefore be reversed.

Judgment reversed.